**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

         -against-

KENNEDY REYES,

                                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:

<u>ORDER</u>

13 Cr. 982-1 (GBD)

GEORGE B. DANIELS, United States District Judge:

      Defendant Kennedy Reyes, *pro se*, is currently serving a sentence of 144 months' imprisonment for conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A). (J. in a Criminal Case, ECF No. 51.) By letter dated April 7, 2020, Defendant now moves this Court to reduce his sentence and release him to home confinement pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), in light of the ongoing COVID-19 pandemic. (*See* Emergency Letter Mot. Requesting Sentence Medication Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Def. Letter"), ECF No. 66.) The Government opposes that motion. (*See* Letter dated Apr. 27, 2020, ECF No. 70.)

      As amended by the First Step Act, 18 U.S.C. § 3582(c) allows a court to reduce a term of imprisonment if, after assessing the factors set forth in Section 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). However, a court may do so only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

earlier." *Id.* Further, such reduction of sentence under Section 3582(c) must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, United States Sentencing Guidelines Section 1B1.13 provides that a medical condition is "extraordinary and compelling reasons" where the defendant has demonstrated that he (1) "is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or (2) is "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or is "experiencing deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility from which he or she is not expected to recover." *See* U.S.S.G. § 1B1.13(1)(A). Also, Section 1B1.13(1)(D) authorizes a reduction in sentence based on "an extraordinary and compelling reason other than, or in combination with, the [other] reasons described." *See id.* § 1B1.13(1)(D).

As an initial matter, Defendant's motion is premature given he does not indicate that he has sought relief within the Bureau of Prisons or exhausted his administrative remedies. Accordingly, Defendant's motion is denied. *See e.g.*, *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) ("[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements."); *see also United States v. Ogarro*, No. 18 Crim. 373-9 (RJS), 2020 WL 1876300, at \*3 (S.D.N.Y. Apr. 14, 2020) (denying the defendant's motion for release under the First Step Act because he has failed to exhaust his administrative remedies). Even assuming, *arguendo*, that Defendant could satisfy the administrative exhaustion requirement, Defendant has failed to demonstrate any underlying medical condition that puts him at more risk of contracting COVID-19 than any other inmates at FCI Berlin in New Hampshire, the facility where he is currently housed. For instance, Defendant merely asserts that he is "especially vulnerable to COVID-19 due to the

2

fact that [he is] incarcerated at a minimum security federal prison camp in an open dormitory style housing unit, meaning it is not possible for [him] to socially isolate as recommended by the CDC." (Def. Letter at 1.) Indeed, Defendant has not set forth an "extraordinary and compelling" reason that he is entitled to modification of his sentence.

Defendant's motion for a reduction of sentence, (ECF No. 66), is DENIED.

Dated: May 5, 2020
New York, New York

SO ORDERED.

George B. Daniel

GEORGE B. DANIELS
United States District Judge