UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA,

    -against-

KENNEDY REYES,

                               Defendant.

------------------------------------- x

ORDER

13 Cr. 982-1 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 16 2020

GEORGE B. DANIELS, United States District Judge:

    On April 7, 2020, *pro se* Defendant Kennedy Reyes moved this Court to reduce his sentence and release him from FCI Berlin in New Hampshire, pursuant to 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic. (Emergency Letter Mot. Requesting Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 66.) Defendant is currently serving a sentence of 144 months' imprisonment for conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A), to be followed by five years' supervised release. (J. in a Criminal Case, ECF No. 51.) On April 27, 2020, the Government filed a letter in opposition. (Letter dated Apr. 27, 2020, ECF No. 70.) By order dated May 5, 2020, this Court denied Defendant's motion on the ground that (1) Defendant did not indicate that he had exhausted his administrative remedies and (2) even assuming, arguendo, that Defendant could satisfy the exhaustion requirement, he did not demonstrate any underlying medical condition that puts him at heightened risk of contracting COVID-19. (Order, ECF No. 71.)

    On May 14, 2020, Defendant filed a reply brief dated May 7, 2020 in response to the Government's opposition. (Reply to Gov't's Opp'n of Emergency Letter Mot. Requesting Sentence Modification, ECF No. 72.) Defendant principally argued that the exhaustion requirement was

"satisfied as of May 3, 2020" on the basis that his "initial request to the Warden of FCI Berlin was submitted on April 3, 2020." (*Id.* at 2.) In support of this claim, Defendant attached as exhibits (1) his April 3, 2020 letter request to the Warden of FCI Berlin seeking compassionate release and (2) the Warden's April 11, 2020 response denying the request. (*Id.* at 6–10.)

Defendant now moves this Court to reconsider its May 5, 2020 order. (Emergency Mot. for Reconsideration ("Def.'s Mot."), ECF No. 73.) Defendant claims that reconsideration is warranted because this Court failed to consider (1) "information in Defendant's reply regarding his initial request for relief to the Warden of FCI Berlin and the fact [that] Defendant ha[s] satisfied the exhaustion requirement" and (2) "Defendant's potentially undiagnosed medical condition." (*Id.* at 3–5.) The Government opposes the motion. (Letter dated June 10, 2020, ECF No. 74.) Defendant's motion for reconsideration is DENIED.

In support of his motion for reconsideration, Defendant proffers, inter alia, (1) his April 3, 2020 letter request to the Warden of FCI Berlin seeking compassionate release and the Warden's April 11, 2020 response denying the request and (2) email correspondence with the Health Services of FCI Berlin regarding his obtaining medical records in connection with an incident on May 1, 2020. (Def.'s Mot. at 11–15, 18–23.) Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A), (A)(i). The court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A). Although Defendant has furnished evidence that he has exhausted his administrative remedies, his motion for

2

reconsideration is denied for the same reasons that this Court denied his prior motion for compassionate release—namely, that Defendant has not proffered an "extraordinary and compelling" reason entitling him to modification of his sentence. (Order at 3.)

As this Court explained previously, Defendant has "failed to demonstrate any underlying medical condition that puts him at more risk of contracting COVID-19 than any other inmates at FCI Berlin." (*Id.* at 2.) Defendant now argues, without more, that a *potential* undiagnosed medical condition may make him more susceptible to COVID-19. (Def.'s Mot. at 4–5.) Not only is Defendant's argument speculative, but it does not constitute information overlooked by this Court in holding that Defendant did not demonstrate "extraordinary and compelling reasons" warranting his release. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ."). Indeed, Defendant has failed to proffer information that "might reasonably be expected to alter the conclusion reached by the court." *Id.*

Defendant's motion for reconsideration, (ECF No. 73), is DENIED.

Dated: June 18, 2020
      New York, New York

SO ORDERED.

*[Signature]*
GEORGE B. DANIELS
United States District Judge