UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATED OF AMERICA,

           -against-

KENNEDY REYES,

                     Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

13 Cr. 982-1 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Defendant again moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] (Notice of Mot., ECF No. 76.) The Government opposes Defendant's motion. (*See* Letter dated December 17, 2020 ("Gov't Opp'n"), ECF No. 78.) Defendant is serving a sentence of 144 months' imprisonment[2] for conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846. (*See* J. in a Crim. Case, ECF No. 51.) Defendant is currently incarcerated at FCI McKean and is expected to complete his sentence on February 26, 2024.[3] (*See* Decl. in Supp. of Mot., ECF No. 76-1, at 1.)

    As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction."

---

[1] Defendant was originally denied compassionate release by this Court's Order dated May 5, 2020. (Order, ECF No. 71.)

[2] Defendant's term of imprisonment is above the 10-year mandatory minimum sentence.

[3] Defendant subsequently apprised the Court that as a result of his participation in the Residential Drug Abuse Program, his sentence has been shortened by one year and is projected to complete on February 26, 2023. (Letter dated March 23, 2021, ECF No. 88.)

18 U.S.C. § 3582(c)(1)(A)(i).[4] Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Defendant is a 44-year-old Black Hispanic man who suffers from obesity, hypertension, and has a history of smoking. (*See* Exhibit 4 ("Def.'s Mem."), ECF No. 76-2, at 27; *see also* Letter dated December 29, 2020 ("Def.'s Reply"), ECF No. 84, at 3–5.) Defendant contends that the COVID-19 pandemic, his medical conditions, and the conditions at FCI McKean are extraordinary and compelling, and warrant his release. (Def.'s Mem. at 27.)

Defendant fails to meet his burden. Defendant contends that FCI McKean has experienced a COVID-19 outbreak and the facility's "dormitory-style" setting and shared facilities render it impossible to socially distance, putting him at a heightened risk for contracting COVID-19. (Def.'s Reply, at 7–8.) As a result, Defendant argues that his circumstance is extraordinary and compelling because he suffers from obesity, hypertension, and a history of smoking, which put him at a higher risk of suffering serious complications or death if he contracts COVID-19. (Def.'s Reply, at 4–5.) The government concedes that Defendant's BMI

---

[4] The government challenges Defendant's motion for failure to exhaust administrative remedies. (Gov't Opp'n at 4.) However, Defendant has exhausted his administrative remedies because his December 18, 2020 request to the warden of FCI McKean was denied on January 13, 2021. (Letter dated January 21, 2021, ECF No. 85, at 1 (citing Exhibit G, ECF No. 85-1).) Further, 30 days have lapsed since he submitted the request to the warden. (*See id.*; 18 U.S.C. § 3582(c)(1)(A) (A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.").)

of 30.4 renders Defendant at increased risk of contracting and suffering sever consequences from COVID-19. (Gov't Opp'n at 4.)

Like most facilities, FCI McKean has not been unaffected by the virus. While Defendant is correct that a person suffering these medical conditions "can be more likely to get severely ill" or suffer death from COVID-19, FCI McKean reports 0 active COVID-19 cases among inmates and staff. *See COVID 19: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated March 29, 2021); *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last updated April 14, 2021). Further, the BOP is administering COVID-19 vaccinations to many of its facilities. *Id*; *see also COVID-19 Vaccine Guidance Federal Bureau of Prisons Clinical Guidance*, https://www.bop.gov/resources/pdfs/covid19_guidance_20210122.pdf. In fact, as of April 14, 2021, FCI McKean has vaccinated 10 staff members and 330 inmates. *See COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last updated April 14, 2021). The BOP has also implemented testing procedures, which include inmates and staff who are asymptomatic, along with other methods to prevent a COVID-19 outbreak at its facilities. *See COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last updated April 14, 2021); *BOP's COVID-19 Response,* https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response (last accessed April 14, 2021); *see also BOP Modified Operations,* https://www.bop.gov/coronavirus/covid19_status.jsp (last updated November 25, 2020). Finally, Defendant's arguments regarding the general prison conditions do not lead to the conclusion that his circumstances at FCI Mckean give rise to extraordinary and compelling reasons to justify release.

3

Defendant also contends that the BOP "would be woefully illequipped to treat [him] if he were to experience severe complications from COVID-19" because the BOP provides inadequate medical care. (Def.'s Reply, at 6.) He argues that the BOP failed to schedule an MRI after his "grand mal seizure" and alleviate the pain caused by his benign tumors. (Def.'s Reply, at 6 (citing Exhibit B, ECF No. 84-2, at 7, 14).) These facts, however, do not lead to a similar conclusion regarding the BOP's ability to treat complications from COVID-19. Indeed, contrary to Defendant's contention, after Defendant suffered the seizure, he received evaluations and testing *that day*. (*Id.*) The staff ordered an MRI and "neurology consult." (*Id.*) Due to the pandemic, however, the BOP was unable to schedule it.[5] (Exhibit B, at 16.) Understandably so, given the unprecedented challenges resulting from the pandemic and the general need to redirect medical resources to persons with COVID-19. Moreover, the BOP examined and diagnosed Defendant's benign tumors and prescribed aspirin. (*See id.* at 14.) While he complains of excruciating pain, Defendant's medical records instruct for follow-up as needed but Defendant provides no information regarding any follow-up complaint or request for treatment made after December 2019. (*Id.*) Accordingly, this Court does not find extraordinary and compelling reasons to justify release.

Finally, the 3553(a) factors weigh against Defendant's release. The nature of the offense indicates that the sentence imposed remains sufficient in this case and reflects the seriousness of Defendant's conduct. Defendant pled guilty to conspiring to distribute and possess with intent to distribute 15 to 50 kilograms of cocaine. (*See* Gov't Opp'n, at 2.) Defendant participated in the conspiracy from 2011 to 2013, working to find new sources of cocaine and "act[ing] as a broker of kilogram-quantities of cocaine, as well as a street-level dealer of cocaine out of his barbershop

---

[5] Even so, Defendant's medical records note that the BOP will begin treating Defendant with anti-seizure medication if he suffers another seizure. (Exhibit B, at 16.)

4

in the Bronx." (*Id.* at 1.) Defendant's citation to *Arias-Baez* to persuade this Court otherwise is misplaced because defendant, there, was sentenced to 60 months' imprisonment for distributing and possessing with intent to distribute 100 grams and more of heroin in January 2018. (Letter dated March 10, 2021, ECF No. 87; Opinion & Order dated March 10, 2021, No. 18 Crim. 309 (RA), ECF No. 39, at 2; Letter dated February 9, 2021, No. 18 Crim. 309 (RA), ECF No. 36, at 1–2.) Defendant's circumstances here are distinguishable. His conduct and role in the conspiracy as well as the large quantities of cocaine and length of the conspiracy support the conclusion that the sentence originally imposed appropriately reflects the need for deterrence. Defendant has not set forth an "extraordinary and compelling" reason to warrant release.

Defendant's request for compassionate release is DENIED.[6]

Dated: New York, New York
April 15, 2021

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[6] To the extent Defendant requests that this Court treat his motion as a second motion for reconsideration of its Order dated May 5, 2020 denying compassionate release, that motion is denied because Defendant has failed to present extraordinary and compelling reasons to justify modification of his sentence. (Letter dated December 18, 2020, ECF No. 80; *see also* Order, ECF No. 71.)